IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERTRAN JOHNSON | § | |
| (TDCJ No. 1908381), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-2478-N-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | (Consolidated with: |
| Texas Department of Criminal Justice | § | No. 3:15-cv-2479-N-BF) |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bertran Johnson, proceeding *pro se*, has filed applications for a writ
of habeas corpus under 28 U.S.C. § 2254. His actions have been consolidated. And, for
the reasons explained below, the applications should be dismissed without prejudice
to Johnson's right to fully exhaust his state court remedies.

**Applicable Background**

Johnson is currently incarcerated under six January 2014 convictions in Dallas
County. It was apparent to the Court upon Johnson's filing of the Section 2254
applications that, because he did not pursue state appeals, his federal habeas claims
were likely time-barred. It appeared also that his claims could be unexhausted.
Respondent's preliminary response [Dkt. No. 8] confirmed both suspicions.

But, in his reply, Johnson argues that the trial court's certification of his right
to appeal, indicating that he had no right to appeal, led him to believe that he had no

post-conviction remedies. *See* Dkt. No. 10. Johnson further asserts that he filed his Section 2254 applications only after fellow inmates informed him he could still pursue habeas relief. *See id.*

### Legal Standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

### Analysis

The Court could explore whether Johnson's claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *see also* Dkt. No. 10 at 2 (asserting that ineffective assistance of counsel and the state court's appellate rights certificate created a state-imposed impediment under

Section 2244(d)(1)(B)). Or the Court could try to decipher whether AEDPA's statute of limitations should be equitably tolled. But neither avenue is as straightforward as dismissal of this action without prejudice to Johnson's right to pursue state habeas relief, particularly because "there is no defined time limit on bringing state habeas applications." *Hughes v. Dretke*, No. 4:04-cv-802-Y, 2004 WL 2921841, at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2004 WL 3008590 (N.D. Tex. Dec. 28, 2004) (further noting that "the fact that state law may restrict a plea-bargaining defendant's right to direct appeal and the fact that there is no defined time limit on bringing state habeas applications are irrelevant to the computation of the federal limitations period under § 2244(d)(1)(A)").

Accordingly, as Johnson has not afforded the state courts (including the Texas Court of Criminal Appeals, as the applicable highest state court) the first opportunity to address the substance of the claims he raises in this Court, he has failed to exhaust state court remedies in a procedurally correct manner, and his Section 2254 claims should be dismissed without prejudice.

## Recommendation

The Court should dismiss this consolidated action without prejudice to Petitioner's right to fully and properly exhaust state court remedies. And all pending motions should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE